UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Case No. 1:21-mc-35 |
| Applicant, | ) ) ) | Judge J. Philip Calabrese |
| v. | ) ) | |
| BLOOMIN' BRANDS, INC. d/b/a OUTBACK STEAKHOUSE, | ) ) ) ) | |
| Respondent. | ) ) | |

## AGREED ORDER

The Equal Employment Opportunity Commission ("EEOC") served an administrative subpoena, No. CL-20-0004, on Bloomin' Brands, Inc., ("Respondent") as part of its investigation into EEOC Charge No. 532-2019-01304. The EEOC moved this Court for an order to show cause why the subpoena should not be enforced. On July 8, 2021, this Court issued the Order to Show Cause [Doc. # 2] ordering Respondent to appear before this Court on September 8, 2021, and show cause why it should not be compelled to comply with the subpoena.

Respondent has asserted objections to the EEOC as to the relevance of the subpoenaed information and documents, and asserted objections to the EEOC as to the burdensomeness of producing the subpoenaed information and documents. Now, the EEOC and Respondent have reached a compromise where, if the conditions agreed upon and set forth below are met: the EEOC will consider Respondent to have substantially complied with the subpoena; and no ruling from this Court will be necessary as to any of Respondent's objections or compelling the information requested in the subpoena. For these reasons, the September 8, 2021, hearing for Respondent to show why it should not be compelled to comply with the subpoena is canceled.

1

The Respondent and EEOC agree as follows:

I. Respondent shall identify any employees objecting to, or having requested accommodation in lieu of, obtaining the Hepatitis A vaccine at its restaurants located in the areas that were classified by Respondent as Hepatitis A "Red Zones" for the period of January 1, 2018, to the present by (a) conducting a keyword search of its electronic database with terms previously provided by EEOC, which search Respondent represents it has already conducted, and (b) telephoning or sending communication by e-mail, and making follow-up contact by phone if no response to the initial attempt at contact is received, to a current member of the restaurant's local management or Joint Venture Partner that has tenure at the restaurant, as management, dating back to the restaurant's placement in Respondent's "Red Zone" list. If no current member of the restaurant's local management nor the Joint Venture Partner overseeing the restaurant has been in a management role relating to the restaurant dating back to the time the restaurant was placed in a "Red Zone," such contact attempts will be made to the member of current management overseeing the restaurant with the longest tenure at the restaurant.

II. For employees identified as objecting to obtaining the Hepatitis A vaccine as set forth in above Paragraph I, or for any other employee that comes to Respondent's attention as having objected to, or having requested accommodation in lieu of, obtaining the Hepatitis A vaccine at its restaurants located in the areas that were classified by Respondent as Hepatitis A "Red Zones" for the period of January 1, 2018, to the present, Respondent shall produce to the EEOC the following information or documents by:

    1. An electronic spreadsheet in Microsoft Excel format for all current and/or former employees who have objected to receiving the Hepatitis A vaccine:
        a. first name,
        b. last name,
        c. location (including city and state) at which the employee worked,
        d. employee identification number,

  e. position(s) held at time of request not to take vaccine,
  f. date(s) that the employee notified Bloomin' Brands, Inc. of the employee's objection to receiving the Hepatitis A vaccine or request for accommodation,
  g. any reason(s) provided by the employee concerning the employee's objection to receiving the Hepatitis A vaccine,
  h. a summary of Bloomin' Brands, Inc.'s response to the employee's objection to receiving the Hepatitis A vaccine,
  i. date of discharge or removal from work schedule, if applicable,
  j. reason for discharge or removal from work schedule, if applicable,
  k. current or last known home address,
  l. last known e-mail address, and
  m. all known telephone numbers, including cellular phone numbers.

  2. For each employee listed in Request 1, provide a complete copy of any and all documents related to the employee's objection to receiving the Hepatitis A vaccine, including, but not limited to, any documents provided by the employee to Bloomin' Brands, Inc., any notes in Bloomin' Brands, Inc.'s Origami Risk or other HR database, any communications between Bloomin' Brands, Inc. and the employee (including, but not limited to, any communications via Hot Schedules or any other work scheduling system), and any documents related to the employee's accommodation, removal from schedule, and/or discharge.

Respondent shall make reasonable efforts to determine and provide the above information whether or not it is found in the specific database(s) Respondent searches or provided by the managers Respondent surveys for the purpose of identifying subject employees under Paragraph I.

  III. For persons Respondent previously identified to EEOC as objecting to, or requesting accommodation in lieu of, taking the Hepatitis A vaccine during the period described above, Respondent shall provide the EEOC with the information and documents identified in above Paragraph II no later than September 25, 2021. For all employees discovered or brought to Respondent's attention subsequent to Respondent's previous disclosure dated May 14, 2021, Respondent shall provide the EEOC with the information and documents identified in above Paragraph II along with a certification based on personal knowledge by an employee conducting the survey that all Red Zone locations responded to the survey no later than October 25, 2021.

  IV. This Court shall retain jurisdiction as to enforcement of this Agreed Order.

V. The parties shall submit a joint status report to this Court no later than November 15, 2021, outlining whether any disputes as to compliance with this Agreed Order exist.

VI. If any disputes are identified in the parties' joint status report, this Court shall hold a status conference at a date convenient to the Court to resolve such disputes.

VII. The search and survey Respondent must conduct pursuant to Paragraph I of this Agreed Order for the purpose of identifying objecting employees need only be completed one time. However, Respondent will have a continuing duty to provide the information described in Paragraph II of this Order until the conclusion of EEOC's investigation of EEOC Charge No. 532-2019-01304 for any employees that are subsequently identified by any Party as having objected to, or requested accommodation in lieu of, obtaining the Hepatitis A vaccine at its restaurants within the period of January 1, 2018, to the conclusion of said investigation.

VIII. Subject to and upon completion of the above conditions, this show cause action, Case No. 1:21-mc-35, shall be terminated with prejudice.

**AGREED**:

/s/ Gregory C. Scheiderer
Gregory C. Scheiderer (0087103)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 479-6100
Facsimile: (216) 479-6060
trcrookes@vorys.com
gcscheiderer@vorys.com

*Counsel for Respondent*
*Bloomin' Brands, Inc.*

/s/ Debra M. Lawrence by direction to David Staudt
Regional Attorney

/s/ David J. Staudt
David J. Staudt, Trial Attorney

Equal Employment Opportunity Commission
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Telephone: (410) 801-6693
david.staudt@eeoc.gov

*Counsel for Applicant Equal Employment Opportunity Commission*

**IT IS SO ORDERED**, this 24th day of August, 2021.

_____
**J. PHILIP CALABRESE
UNITED STATES DISTRICT JUDGE**